1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONNY ALEXANDER ESCOBAR,                    No. 1:25-cv-01801-DJC-EFB

12                 Petitioner,

13   v.                                          ORDER

14   CHRISTOPHER CHESTNUT, et al.,

15                 Respondents.

16

17         Petitioner has filed a Motion for Temporary Restraining Order (ECF No. 21)

18   seeking an order enjoining Petitioner's removal to a third country without a

19   meaningful opportunity to be heard on a potential fear-based claim for relief before

20   an immigration judge.  For the reasons identified by other courts in similar situations,

21   the Court grants Petitioner's request.  *See A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-

22   DMC, 2025 WL 3485219, at *5 (E.D. Cal. Dec. 4, 2025)

23         Petitioner has a likelihood of success on the merits.  As stated in the Court's

24   prior order, Petitioner has a clear liberty interest in ensuring his removal is not to a

25   country where he faces a credible fear of persecution, torture, and death. (*See* ECF

26   No. 16 at 8.)  Examining the factors described in *Mathews v. Eldridge*, a hearing of

27   Petitioner's claims before a neutral adjudicator is required by due process.  Petitioner

28   has a clear private interest in guaranteeing he is not erroneously removed to a third

                                        1

1   country with which he has no connection, and where he faces potential persecution,

2   torture, and death.  *See A.A.M.*, 2025 WL 3485219, at *8.  The risk of erroneous

3   deprivation if Petitioner's claims are not heard before an Immigration Judge is also

4   substantial.  Finally, while the Government has an interest in effectuating Petitioner's

5   removal order, that interest is undercut by the minimal cost required to provide

6   Petitioner with adequate procedural safeguards.  For these reasons, the *Mathews*

7   factors establish that Petitioner must have an opportunity to present his fear-based

8   claims to an Immigration Judge before Respondents remove Petitioner to a third

9   country.

10   For the same reason stated in the Court's prior order, Petitioner has also

11   established a risk of irreparable injury based on the potential harm that could befall

12   Petitioner if he is improperly removed to a location where he has a credible fear of

13   torture and persecution.  (*See* ECF No. 16 at 9–10.)  The balance of equities and public

14   interest also weigh in Petitioner's favor given the substantial risk of harm Petitioner

15   faces compared to the procedural inconvenience of providing Petitioner adequate

16   procedural protections.  Because "the [Government] cannot reasonably assert that it is

17   harmed in any legally cognizable sense by being enjoined from constitutional

18   violations," *Zepeda*, 753 F.2d at 727, the Court finds that no security is required here.

19   **CONCLUSION**

20   In accordance with the above, IT IS HEREBY ORDERED that:

21   1. Petitioner's Motion for Temporary Restraining Order (ECF No. 21) is

22   converted to a Motion for Preliminary Injunction and is GRANTED.[1]

23   2. Respondents and their officers, agents, servants, employees, and

24   persons acting on their behalf in concert or in participation with them,

25   are ENJOINED AND RESTRAINED from removing Petitioner to Mexico

26   without first allowing him a meaningful opportunity to be heard on his

27

[1] Given the relief afforded here, the Court determines conversion to a Preliminary Injunction to be appropriate.

28

1    fear based claim before an immigration judge in compliance with due

2    process.

3    3. This matter is referred to the assigned Magistrate Judge for all further

4    proceedings.

5

6    IT IS SO ORDERED.

7    Dated:    **February 20, 2026**

     Hon. Daniel J. Calabretta
8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28