UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNY ALEXANDER ESCOBAR,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Defendants. | No.  1:25-cv-1801-DJC-EFB<br><br><br>FINDINGS AND RECOMMENDATION |

Petitioner is an immigration detainee who filed a petition for writ of habeas corpus on December 10, 2025.  ECF No. 1.  Respondents moved to dismiss the petition (ECF No. 15)  and while that motion was pending, petitioner filed an amended petition, ECF No. 17, and an opposition to the motion to dismiss.  ECF No. 19.

On February 12, 2026, petitioner filed a motion for a temporary restraining order (TRO).  ECF No. 21.  On February 17, 2026, respondents filed their opposition to the TRO and in the same pleading their submitted opposition the amended petition.  ECF No. 24.  Petitioner replied.  ECF No. 25.  The court converted petitioner's TRO motion to a motion for preliminary injunction and issued an order granting a preliminary injunction.[1]  ECF No. 26.

---

[1]  The court had previously issued a series of three orders granting TROs pending respondents' substantive responses.  ECF No. 16 (issued 12/19/2025); ECF No. 18 (issued 12/30/2025); ECF No. 22 (issued 2/12/2026).

1

For the reasons set forth below, the undersigned 1) recommends that respondents' motion to dismiss (ECF No. 15) be denied, 2) finds that petitioner has documented his entitlement to relief, and 3) recommends that the amended petition (ECF NO. 17) be granted.

**Amendment Of The Habeas Petition Under Rule 15(a)(1)(A)**

A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions," 28 U.S.C. § 2242, which means that Rule 15 of the Federal Rules of Civil Procedure applies to amendments of habeas petitions. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000); *see also Holtz v. Ryan*, No. CV-17-02562-PHX-JAT (MHB), 2019 WL 4051809, at *2 (D. Ariz. Aug. 27, 2019) (discussing application of Rule 15 to habeas petitions and collecting cases).

Rule 15(a)(1)(A) governs amendments to pleadings (such as a habeas petition) for which no responsive pleading is required.[2]  It allows a habeas petitioner to amend his petition as a matter of course within 21 days after serving it.  Petitioner's amended petition was timely filed according to Rule 15(a)(1)(A).  Because the amended petition was filed as of right, it effectively replaces the original petition.  The court therefore applies respondents' arguments to the amended habeas petition rather than to the original petition.

**Background**

Petitioner is a citizen of El Salvador who entered the United States on September 5, 2022 and who has been in continuous immigration custody since entering.  Amended Petition ¶¶ 17, 18.  Respondents have not disputed petitioner's account of the circumstances of his detention and immigration proceedings.  *See* ECF No. 15, ECF No. 24 at 2 ("These facts are essentially undisputed.  The dispute in this case is whether this [removal] procedure is constitutionally adequate.").

////

---

[2]  According to 28 U.S.C. § 2243, respondents to a habeas petition need not answer until ordered to do so:  "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

*Franco-Gonzalez* Class Membership.  Preliminarily, petitioner is a member of the class of mentally disabled immigrant detainees who are entitled to representation by a Qualified Representative (QR) as a reasonable accommodation in immigration proceedings (the "*Franco-Gonzalez* class").  Amended Petition ¶ 20; *see Franco-Gonzalez v. Holder,* 767 F. Supp. 2d 1034, 1038, 1061 (C.D. Cal. 2010); *Perez v. Barr*, 957 F.3d 958, 962 n.1 (9th Cir. 2020).  He maintains that his membership in the *Franco-Gonzalez* class entitles him to safeguards including a safe release plan and at least 72 hours of advance notice to his QR before his release or removal.  *See* ECF No. 17-5 at 1 (Exh. C to Amended Petition (October 13, 2025 email correspondence from QR Sarah Houston to Department of Homeland Security (DHS) officials (citing Immigration and Customs Enforcement (ICE) Directive 11063.2 (Apr. 5, 2022), at p.11))).

CAT Deferral/Withholding of Removal.  The Convention Against Torture (CAT) is a treaty[3] whose provisions have been implemented in immigration statutes and regulations.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 530-531 (citing 8 U.S.C. § 1231(b)(3)(A), 8 C.F.R. §§ 208.16-208.17, and 1208.16-1208.17); *see also Castillo v. Chestnut*, No. 1:25-cv-01296-SAB-HC, 2026 WL 121652, at *3-4 (E.D. Cal. Jan. 16, 2026) ("Congress has implemented the treaty by statute as part of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA)" (citations omitted)).  These provisions prohibit removing a noncitizen to a country where his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion.  *Johnson*, 594 U.S. at 530.  A noncitizen who is subject to removal may apply for deferral (also known as "withholding") of removal if he fears returning to the country of removal for such reasons.  *Id*. at 531.  An immigration judge may grant deferral of removal, subject to appeal to the Board of Immigration Appeals (BIA).  *Id*.  But such a deferral is "country-specific" meaning it does not prohibit removing the noncitizen to a third country.  *Id*.

Petitioner alleges that he "suffered repeated persecution by both police and MS-13 gang members" before arriving in the United States.  Amended Petition ¶ 18.  On October 10, 2025, an immigration judge granted petitioner deferral of his removal to his home country of El Salvador

---

[3] S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 113 (Dec. 10, 1984).

under the CAT, and DHS did not appeal this decision.  *Id*. ¶ 19; *see also* ECF No. 17-3 (Order of Immigration Judge).

On October 13, 2025, petitioner's counsel emailed ICE and conveyed petitioner's fear of removal to any country where MS-13 has a presence.  Amended Petition ¶ 20; ECF No. 17-5 at 1; *see also* ECF No. 17-6 at ¶¶ 8-14 (Houston Decl.).  Petitioner maintains that when immigration officials identify a third country of removal after deferring removal to his home country, he "must be given sufficient notice of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding or deportation."  Amended Petition ¶ 26 (quoting *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (cleaned up)).  The notice must be sufficient to allow him to seek habeas relief before removal.  *Id*. (citing *Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025)).

Counsel's email also pointed out petitioner's status as a *Franco-Gonzalez* class member.  ECF No. 17-5 at 1.  Petitioner maintains that his membership in the *Franco-Gonzalez* class provides separate and "additional procedures and safeguards to ensure due process, including representation by a [QR] and notice to that QR in the event of release or removal."  Amended Petition ¶ 35.

ICE's Communication of Intent to Remove Petitioner to a Third Country.  On December 10, 2025, immigration officials met with and informed petitioner that they would attempt to remove him to Mexico.  ECF No. 17-6 at ¶¶ 7, 8 (Houston Decl.).  Petitioner stated his fear that MS-13 would find and torture or kill him in Mexico.  *Id*.  The officials then indicated they would send him to a country in Africa (South Sudan, Ghana, Libya, Uganda, Equatorial Guinea, or Rwanda).  Amended Petition ¶ 21; ECF No. 17-6 at ¶ 10.  Petitioner fears removal to one of these countries because the MS-13 gang has a global reach, he has gang-related tattoos all over his body, he believes he would be found and tortured, he does not speak their language, and he would not be able to access psychiatric medications or mental health treatment he needs to treat his mental disorders and their visible, erratic symptoms.  ECF No. 17-6 at ¶¶ 10, 14.  The officials did not communicate with, or respond to inquiries from, petitioner's QR.  *Id.* ¶ 11.  As noted, petitioner filed his habeas petition the same day he received this information, December 10, 2025.

4

ECF No. 1.

The TRO.  On December 19, 2025, the court issued a TRO restraining respondents from effectuating petitioner's third country removal without first providing notice and opportunity to bring a fear-based claim for CAT protection prior to removal and ordered respondents to show cause why the TRO should not be converted to a preliminary injunction.  ECF No. 16 at 11.  On December 30, 2025 – the same day that petitioner filed his amended petition – the court issued a minute order converting the TRO to a preliminary injunction.  ECF No. 18.

Subsequent Proceedings.  Respondents describe subsequent administrative proceedings that have occurred since the court issued its TRO.  ECF No. 24; ECF No. 24-1 (Jager Decl.).[4]  At an unspecified date after December 30, 2025, DHS initiated a removal process based on a July 9, 2025 ICE policy memorandum.  ECF No. 24-1 at 2 ¶ 9; *see* ICE Policy Memorandum, *Third Country Removals Following the Supreme Court's Order in Department of Homeland Security v. D.V.D., No. 24A1153 (U.S. June 23, 2025)* (the "July 2025 ICE Memorandum").[5]  Petitioner was served with a notice of removal, "informing [him] of DHS' intentions to remove [him] to Mexico."  *Id*.  Petitioner claimed fear of removal to Mexico, and a "Third Country Removal Fear interview" was held on January 23, 2026.  *Id*.  "On January 29, 2026, a negative fear finding to Mexico was issued."  *Id*. ¶ 10.  According to the "screening worksheet" submitted by petitioner, this means that ICE determined at the interview that petitioner "did not establish it is more likely

---

[4] Petitioner maintains that the declaration submitted by respondents at ECF No. 24-1 should be given "less than full weight" because it is captioned as the declaration of Deportation Officer Eduardo Ortiz-Martinez, but its introductory text, signature line, and signature give the declarant's name as Deportation Officer Kenneth Jager.  ECF No. 25 at 6.  But petitioner does not dispute the accuracy of the factual events set forth in the declaration, and the declaration is clearly signed by Jager, despite a different name in its caption.  The court accordingly construes that Jager has declared the undisputed facts set forth in the declaration.

[5] The July 2025 ICE Memorandum is accessible at https://storage.courtlistener.com/recap/gov.uscourts.mad.282404/gov.uscourts.mad.282404.190.1.pdf.  It is also quoted at length in *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025).
 Respondents cite to an earlier version of the policy that was in effect in March 2025, and which they refer to as the "March memorandum," ECF No. 24 at 3, but that version was superseded by the July 2025 ICE Memorandum which was the version in effect as of petitioner's January 2026 interview.  *See Viengkhone S. v. Albarran*, ___ F. Supp. 3d ___, ___ n.8, 2025 WL 3521302, at *8 n.8 (E.D. Cal. Dec. 8, 2025).  The March and July versions are substantively the same.  *Id*.

than not that he [] will be persecuted on account of a protected ground or tortured in Mexico." ECF No. 25-2 at 2.

Respondents maintain that the only impediment to petitioner's removal to Mexico is the court's TRO prohibiting his transfer, because the third-country removal procedure outlined in the July 2025 ICE Memorandum has been completed.  ECF No. 24-1 at 2 ¶ 11.  Petitioner does not dispute respondents' description of these subsequent events, but he does dispute the constitutional adequacy of the process.  ECF No. 25; see also ECF No. 24 at 2 (respondents agree that "[t]he dispute in this case is whether this procedure is constitutionally adequate.").

**Relief Requested In The Amended Habeas Petition**

The amended habeas petition relies on petitioner's Fifth Amendment right to due process. It makes a single claim (Count One) that petitioner's removal to a third country without notice or opportunity to be heard violates his due process rights, and asks the court to issue a declaration to this effect and to issue a writ of habeas corpus prohibiting respondents from removing him to a third county without allowing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge. ECF No. 17 at 12.

The amended habeas petition alternatively requests a writ of habeas corpus prohibiting petitioner's removal to a third county unless he and his counsel are provided meaningful notice and opportunity to assert a fear-based claim by:  (1) providing a minimum of ten days to raise a fear-based claim for protection prior to removal; (2) moving to reopen petitioner's removal proceedings if petitioner demonstrates reasonable fear of removal to the third country; and (3) providing petitioner a meaningful opportunity and a minimum of fifteen days to seek reopening of his immigration proceedings if he is not found to have demonstrated a reasonable fear of removal to the third country.  *Id*.

The amended habeas petition deletes Count Two of the original petition, which additionally alleged that "Respondents' third country removal procedures generally and as applied to [petitioner] run afoul of the INA's [Immigration and Nationality Act's] statutory and regulatory protections for asserting a fear-based claim in connection with removal."[6]  The

---

[6] The edits made in the amended petition are shown in the attachment filed at ECF No.

amended petition accordingly also deletes petitioner's request that the court declare that third country removal without meaningful opportunity to be heard would violate the INA.

## Motion and Merits

Respondents have both:  (1) moved to dismiss, ECF No. 15; and (2) responded to the merits of the amended habeas petition, ECF No. 24.  Their motion to dismiss makes a substantively different argument than the argument they present in their response to the amended petition, and indeed the latter is based on events that have occurred after the amended petition was filed.  The court separately analyzes each.

### A.    The Motion To Dismiss[7]

#### 1.    Arguments  – Motion to Dismiss

Respondents move to dismiss on the grounds that petitioner is a member of the non-opt out class that has been certified in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025).  ECF No. 15.  The proceedings in the *D.V.D.* class action have been summarized by another court in this district, as follows:

> [T]he court in *D.V.D.* certified the following class:
>
> > All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) who DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

17-13, and are also shown by comparison of ECF No. 1 at 13 with ECF No. 17 at 12.

[7] Respondents do not cite any specific provision of the Federal Rules of Civil Procedure in their motion to dismiss.  But they rely on *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013), as authority for their motion.  *See* ECF No. 15 at 2.  *Pride* examined a motion to dismiss under Rule 12(b)(1) (lack of subject matter jurisdiction) and alternatively under Rule 12(b)(6) (failure to state a claim upon which relief may be granted).  *Id*. at 1133.  The court therefore construes respondents' motion as a Rule 12(b) motion.

Also, one court has noted that it is within the court's discretion whether to apply Fed. R. Civ. P. 12(b) to habeas cases, and that "such a motion is effectively duplicative of an Answer to a Petition, in which all relevant arguments that could be made on such a motion can and should be made." *Solis Nolasco v. Noem*, No. GLR-25-3847, 2026 WL 25002, at *8 (D. Md. Jan. 5, 2026) (motion to dismiss made in single filing with answer to petition was denied as moot and habeas petition was granted in part and denied in part).  Respondents here have elected to not present all their arguments in a single pleading.  The court exercises its discretion to entertain the motion to dismiss under Rule 12(b) and will address the substantive arguments in that motion separately from the substantively-different arguments presented in respondents' later-filed response.

*D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025). After certifying that class, the court found the plaintiffs were likely to succeed in showing that the DHS Third Country Removal Policy constituted "a policy or practice of executing third-country removals without providing notice and a meaningful opportunity to present fear-based claims, and that such policy or practice constitutes a deprivation of procedural due process." *Id.* at 387. Thus, the court issued a preliminary injunction requiring that DHS satisfy certain additional procedures before removing class members to third countries. *Id.* at 392–93. However, the Supreme Court stayed the preliminary injunction order issued in *D.V.D.* pending appeal, *see Dep't of Homeland Sec. v. D.V.D.*, --- U.S. ---, 145 S. Ct. 2153 (2025), so that injunctive relief and those additional procedures do not currently apply to Petitioner.

*A.A.M. v. Andrews*, 1:25-cv-1514-DC-DMC, 2025 WL 3485219, at *6 (E.D. Cal. Dec. 4, 2025).[8]

Respondents argue that petitioner seeks the same relief here as the relief sought by the *D.V.D.* class members and that the United States Supreme Court is likely to reject the form of relief requested by the class. *Id*. at 2-3. They cite principles of comity and two cases from the District of Maryland which have dismissed habeas petitions on the grounds that the petitioners were members of the *D.V.D.* class.[9] *Id*. at 3 (citing *Ghamelian v. Baker,* No. CV SAG 25-02106, 2025 WL 2049981, at *3 (D. Md. July 22, 2025) and *Tanha v. Warden of Balt. Det. Facilit*y, No.

---

[8] The order of preliminary injunction issued in the *D.V.D.* class action has been summarized and clarified by the issuing court as follows:

All removals to third countries, i.e., removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, see 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand. Dkt. 64 at 46-47. Following notice, the individual must be given a meaningful opportunity, **and a minimum of ten days,** to raise a fear-based claim for CAT protection prior to removal. See id. If the non-citizen demonstrates "reasonable fear" of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings. *Id*. If the non-citizen is not found to have demonstrated a "reasonable fear" of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings. *Id*.

*D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025) (emphasis in original).

[9] At least one other case in the District of Maryland has denied dismissal based on the petitioner's *D.V.D.* class membership. *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 383 (D. Md. 2025).

8

1:25-CV-02121-JRR, 2025 WL 2062181, at *5 (D. Md. July 22, 2025)).  In the alternative, respondents ask the court to transfer this case to the District of Massachusetts, where the *D.V.D.* case is pending.  *Id*.

Petitioner argues in response that this court has already held that his claim for relief goes beyond what is being litigated in *D.V.D.*  ECF No. 19 at 4 (citing ECF No. 16 at 9).  Further, the Ninth Circuit Court has held that individual claims are not duplicative of class actions if the individual does not seek systemic relief but rather seeks relief that relates to their individual needs (such as an individual need for medical treatment).  *Pride*, 719 F.3d at 1138; *see also id*. at 1138 ("Defendants fail to proffer any authority for their argument that individuals with a discrete, individual claim for injunctive relief may be delayed because a pending class action seeks systemic reform relating to the same general subject matter.").

In its December 19, 2025 order issuing a TRO, and again by its December 30, 2025 minute order converting the TRO to a preliminary injunction, the court held that petitioner is asserting his individual claims as opposed to claims for systematic reforms.  ECF No. 16 at 9 (citing *Nguyen v. Scott*, 796 F. Supp. 3d 703, 729-730 (W.D. Wash. 2025)); ECF No. 18.  The court also noted that if petitioner has no opportunity to seek injunctive relief as an individual, he would be "left powerless to petition the courts for redress until the *D.V.D.* class action has been fully resolved."  ECF No. 16 at 9 (quoting *Nguyen*, 796 F. Supp. 3d at 730 (cleaned up)).  Other courts in this district have also denied motions to dismiss on the basis of *D.V.D.* class membership.  *See A.A.M.*, 2025 WL 3485219, at *6 (the *D.V.D.* class action seeks reform of a government policy, while an individual petitioner's claim seeks injunctive relief based on the petitioner's specific mistreatment).

The noncitizens in the *D.V.D.* class request relief based on the CAT.  Petitioner here bases his petition on the CAT *and also* on his individual status of 1) having been granted deferred removal, and 2) being a member of the *Franco-Gonzalez* class which provides additional procedural safeguards for him.  *See A.A.M.* 2025 WL 3485219 at *7 (additional grounds for relief means petitioner's claim "is not identical to the claims at issue in the *D.V.D.* class action").  The court confirms its December 19, 2025 holding that petitioner must be allowed to proceed because

he is asserting his individual claims, based on his individual circumstances, rather than claims for systemic relief.

As for respondents' comity argument, petitioner maintains that the principle of comity does not apply because petitioner's independent claim for relief is not duplicative of *D.V.D.*, and that in any event comity is a permissive doctrine that allows but does not require a district court to dismiss an action.  ECF No. 19 at 3.  The court agrees.  Moreover, petitioner's amended habeas petition has deleted his claim for violation of the INA, which serves to emphasize that the amended petition is not duplicative of the *D.V.D.* class action, nor is petitioner seeking systemic relief.

Finally, the court agrees with petitioner that venue is proper in this district because it is where he is confined.  28 U.S.C. § 2242.  For all these reasons, respondents fail to show that the amended habeas petition should be dismissed or transferred because of petitioner's membership in the *D.V.D.* class action, and the undersigned recommends that the motion to dismiss be denied.

**B.      The Merits of the Amended Petition**

**1.   Legal Standard – Merits of the Amended Petition**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**2.   Arguments  – Merits of the Amended Petition**

Respondents argue that:  (1) the July 2025 ICE Memorandum "is the governing procedure within the Executive Branch regarding third country removals;" and (2) the process set forth in the July 2025 ICE Memorandum is constitutionally adequate.  ECF No. 24 at 3.  They maintain that the July 2025 ICE Memorandum provides "a quick, but fair evaluation by an asylum officer of a manifestation of fear," and that the third-country removal process requires "deftness" instead of potentially lengthy proceedings in immigration court.  *Id*.  According to respondents, asylum officers are neutral decision-makers because they are employed by United State Citizenship and

Immigration Services rather than by ICE. *Id*. Respondents describe third country removal as a "core executive function of diplomacy and deportation." *Id*. at 4. They also maintain that petitioner has a final order of removal and he has spent no time at liberty in the United States and has no path to liberty in the United States. *Id*.

Petitioner disputes each of respondents' arguments. He counters that he is entitled to due process in his removal proceedings, that there is clear statutory authority prohibiting removal to a country where he is likely to be tortured, and that he has not received constitutionally adequate "notice nor an opportunity to contest his removal to Mexico before an immigration judge while in removal proceedings." ECF No. 25 at 3. Petitioner cites district court cases in the Ninth Circuit which have held that due process requires a hearing before a neutral decision-maker, including a case noting that the neutral decision-maker has been "understood to indicate an immigration judge." *Id*. at 4 (citing *A.A.M*., 2025 WL 3485219); *see also id*. at 3 (citing additional district court cases).

Petitioner submits the screening worksheet that documents the January 29, 2026 "negative fear finding to Mexico." ECF No. 25-2; *see* ECF No. 24-1 at 2 ¶ 10. He points out that this worksheet "provides no explanation whatsoever" for denying his fear of being tortured if deported to Mexico, even as it finds he is credible and that he was beaten by MS-13 members and Mexican police while he traveled through Mexico in 2022.[10] ECF No. 25 at 4. He argues that he was not given an opportunity to provide evidence or witness testimony that would have been allowed in removal proceedings under 8 C.F.R. § 1240.10(4), and where an immigration judge would have been required to consider his arguments. *Id*. (citing *Sagaydak v. Gonzales*, 405 F.3d

---

[10] The worksheet states a "Summary of Material Facts" as follows:

> You testified you were physically harmed and threatened by the MS gangs in Mexico because you left MS 13 and converted to Christianity. You were also beaten by the Mexican police at the checkpoints and they told you they do not want Guatemalan and El Salvadorian [sic] in Mexico. You fear you will be killed by the MS gangs or other cartels in Mexico and you fear police or the government in Mexico would return you to El Salvador. You testified you cannot safely relocate anywhere in Mexico.

ECF No. 25-2 at 1. The interview nevertheless concluded with a determination that petitioner did not establish a likelihood of persecution "on account of a protected ground" or that he would be tortured in Mexico. *Id*.

11

1035, 1040 (9th Cir. 2005)); *see also* ECF No. 21-4 at 3 ¶ 8 (petitioner declares that at the January 29 interview he was "not sure if the interpreter did a good job explaining what I was saying" and that he was not told he could appeal to an immigration judge).

As for respondents' executive function argument, petitioner argues he is asserting his individual right to due process based on his individual circumstances. ECF No. 25 at 5. Finally, petitioner maintains he does have a clear pathway to release with supervision in the United States, because he is detained under 8 U.S.C. § 1231(a). *Id.*

**3. Analysis – Merits of the Amended Petition**

Based on the record before the court, the undersigned finds that petitioner has shown his entitlement to relief on his claim that his removal to a third county (which at this juncture appears to be Mexico) pursuant to the process described in the July 2025 ICE Memorandum violates his due process rights, and his request for a declaration to this effect and issuance of a writ of habeas corpus prohibiting respondents from removing him to a third country without allowing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge. ECF No. 17 at 12; ECF No. 25.

Petitioner has shown by a preponderance of evidence that removing him to a third country according to the procedure in the July 2025 ICE Memorandum violates his right to due process under the Fifth Amendment, especially in light of his individual circumstances of 1) having been granted deferred removal, and 2) being a member of the *Franco-Gonzalez* class. *See* ECF No. 17; ECF No. 21 at 12; ECF No. 25. To determine whether a petitioner's Fifth Amendment procedural due process rights are adequately protected, courts weigh: (1) "the private interest that will be affected by the official action"; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This court, as well as other courts in the Ninth Circuit, have found that the third-country removal process in the July 2025 ICE Memorandum fails to provide adequate due process protections. *E.g., Viengkhone S.*, --- F. Supp.

3d at ---, 2025 WL 3521302, at *8; *A.A.M.*, 2025 WL 3485219, at *8-11; *Hernandez v. Bondi*, No. 1:25-cv-02020, 2026 WL 350829, at *7-8 (E.D. Cal. Feb. 9, 2026); *Azzo*, 2025 WL 3535208, at *7-8; *Nguyen*, 796 F. Supp. 3d at 726-733.  For the reasons set forth in *Nguyen*, 796 F. Supp. 3d at 730, and *A.A.M.*, 2025 WL 3485219, at *7-8, and also because of his membership in the *Franco-Gonzalez* class, petitioner has shown that he has a substantial protected liberty interest in having adequate notice and a full and fair hearing on his fear-based claim before an immigration judge, as well as advance notice to his QR.  *See A.A.M.*, 2025 WL 3485219, at *11; ECF No. 17 at 13; ECF No. 21 at 12; ECF No. 25.

Petitioner has also demonstrated that the second *Mathews* factor weighs in his favor. Without the procedural safeguards provided in the CAT's implementing statute and also by virtue of his deferred removal status and membership in the *Franco-Gonzalez* class, "the risk of erroneous deprivation," see *Mathews*, 424 U.S. at 335, through the constitutionally-inadequate method set forth in the July 2025 ICE Memorandum is considerable.  *See, e.g., A.A.M.*, 2025 WL 3485219, at *9 ("and should Petitioner be erroneously removed [], there would be no avenue for him to vindicate his rights in the United States").  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks – adequate notice and a full and fair hearing on his fear-based claim before an immigration judge – is high.  *See id*.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "Respondents present no reason why it would be substantially burdensome to provide Petitioner with the same opportunity [to be heard in front of an immigration judge] as to [removal to] a third country with which Petitioner has no connection and for which Petitioner has presented evidence of a credible fear-based claim for relief."  *A.A.M.*, 2025 WL 3485219, at *9.  Equally, respondents have not shown why it would be substantially burdensome to provide the advance notice to his QR that petitioner's membership in the *Franco-Gonzalez* class requires.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *Id*.

Accordingly, the undersigned finds respondents' interest in removing petitioner to a third country (at this juncture, Mexico), without adequate notice and a full and fair hearing on his fear-based claim before an immigration judge, and advance notice to his QR, is low and does not

outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his removal to a third country (whether Mexico or another country) without these procedural safeguards violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on Count One of his amended petition.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     Respondents' motion to dismiss (ECF No. 15) be DENIED.

2.     Petitioner's amended petition for writ of habeas corpus (ECF No. 17) be GRANTED.

3.     Respondents be ENJOINED AND RESTRAINED from removing Petitioner from this District absent express order of this Court.

4.     Respondents be further ENJOINED AND RESTRAINED from removing Petitioner via a third-country deportation without providing him and his counsel with meaningful notice and opportunity to assert a fear-based claim before an immigration judge.

5.     No security be required.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE